


FILED
FEB 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FEB 27 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALUMET CARTON COMPANY, | ) | |
| | ) | Civil Action No 07 C 6389 |
| Plaintiff, | ) | |
| | ) | Hon. John W. Darrah |
| v. | ) | |
| | ) | Magistrate Judge Morton Denlow |
| BOX PACKAGING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

TO:    Lawrence A. Stein, Esq.
       Huck Buoma PC
       1755 South Naperville Road
       Wheaton, IL 60187

PLEASE TAKE NOTICE that on February 27, 2008, we filed with the United States District Court for the Northern District of Illinois, Eastern Division, **BOX PACKAGING, INC'S ANSWER AND COUNTERCLAIM** a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY
HILLIARD & GERALDSON LLP

By: _/s/ M. Partridge_
Mark V. B. Partridge, Esq.
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
312-554-8000

Attorney for Defendant Box Packaging, Inc.

284771v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **BOX PACKAGING, INC'S ANSWER AND COUNTERCLAIM** has been served upon:

Lawrence A. Stein, Esq.
Huck Buoma PC
1755 South Naperville Road
Wheaton, IL 60187

via First Class Mail, postage prepaid, email and facsimile on this 27th day of February, 2008.

Mark V. B. Partridge, Esq.

FEB 27 2008
FILED
FEB 27 2008 NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALUMET CARTON COMPANY, ) | Civil Action No 07 C 6389 |
| Plaintiff, ) | |
| ) | Hon. John W. Darrah |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| BOX PACKAGING, INC., ) | |
| Defendant. ) | |

### ANSWER AND COUNTERCLAIM

1. Plaintiff is an [sic] Delaware corporation, authorized to conduct business in Illinois, with its principal place of business in South Holland, Illinois.

   **ANSWER**: Admitted.

2. Defendant is an Illinois corporation with its principal place of business in Elgin, Illinois.

   **ANSWER**: Admitted

3. This is an action under the Trademark Act of 1946, (15 U.S.C. §§ 1051, et seq.)

   **ANSWER**: Admitted

4. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1116(a).

   **ANSWER**: Admitted.

5. Since approximately defendant [sic] has been continuously engaged, and is still engaged, in the business of selling packaging products under the trademark "StayFlats."

283830v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies those allegations.

6. Plaintiff manufactures and sells packaging supplies throughout the United States.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies those allegations.

7. Plaintiff is the owner of the trademark "StayFlats," which has been registered in the United States Patent and Trademark Office under registration number 3,236,171.

**ANSWER:** Defendant admits that a document purporting to be registration number 3,236,171 has been registered by plaintiff, but denies that Plaintiff owns an enforceable rights in the generic, common descriptive phrase "Stay Flats".

8. An accurate copy of the registration certificate is attached as exhibit A.

**ANSWER:** Defendant admits that a document purporting to be registration 3,236,171 is attached as exhibit A.

9. The registration is in full force and effect, neither revoked nor canceled.

**ANSWER:** Defendant admits that the registration exists on the Trademark Office registry, but denies that registration is valid or enforceable.

10. The trademark of plaintiff for "StayFlats" has been used continuously by the plaintiff since approximately 1986 in intrastate and interstate commerce.

**ANSWER**: Defendant denies that "Stay Flats" is an enforceable trademark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies the same.

11. Plaintiff has never abandoned any of its rights to the use of such trademark but, on the contrary, had diligently protected such rights.

**ANSWER**: Defendant denies that "Stay Flats" is an enforceable trademark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and therefore denies the same.

12. Plaintiff has expended substantial resources in advertising its trademark "StayFlats" as identifying its unique packaging product.

**ANSWER**: Defendant denies that "Stay Flats" is an enforceable trademark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore denies the same.

13. As a result of the extensive advertising of plaintiff, and of the efforts expended and expenses incurred by the plaintiff, in improving its packaging increasing [sic] its sales throughout the United States, plaintiff, has built up a highly valuable reputation and good will and the public generally has come to recognize and know the trademark "StayFlats" as being identified with the plaintiff and its business.

**ANSWER**: Defendant denies that the public generally has come to recognize and know "StayFlats" as identified with plaintiff and its business, and denies that "Stay Flats" is an enforceable trademark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. Commencing in or around 2005, and continuing thereafter, defendant has marked a product not manufactured by the plaintiff as "StayFlats" as being identified with the plaintiff and its business.

**ANSWER:** Defendant admits that it has used the merely descriptive phrase "Stay Flats" in its ordinary descriptive sense to identify "Stay Flats" mailers that are not manufactured by Plaintiff since about 2005.

15. An accurate copy of an example of the defendant's infringement of the plaintiff's Trademark for "StayFlats," retrieved from the defendant's website on November 9, 2007, just before filing this complaint is attached as exhibit B.

**ANSWER:** Defendant denies that its use of the merely descriptive phrase "Stay Flats" is an infringement or that "Stay Flats" is an enforceable trademark. Defendant admits that exhibit B of the Complaint is an example of materials previously but no longer available on Defendant's website. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16. The defendant's infringement of the plaintiff's trademark for "StayFlats," was in order to appropriate, and defendant has appropriated, the good will and reputation that plaintiff has acquired for its "StayFlats" product and it has conveyed the false impression that the products of the defendant was manufactured by, or affiliated with, plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies the same.

17. The action of the defendants has been undertaken with the full knowledge of the rights of the plaintiff without any commercial necessity therefor, [sic] and with a fraudulent and unfair intent and purpose.

-4-

**ANSWER**: Denied.

18. The marketing by the defendant of its product as "StayFlats" constitutes an infringement of the trademark of the plaintiff and an unfair trading on the good will and reputation of the plaintiff by use of its trademark.

**ANSWER**: Denied.

19. Plaintiff has been damaged by the defendant's acts, which have caused injury to the reputation of "StayFlats."

**ANSWER**: Denied.

20. Plaintiff has also lost profits as a result of the defendant's acts in that members of the public have purchased the packaging products and supplies of the defendant in the belief that it was manufactured by plaintiff or that it was sponsored by plaintiff or that the defendant was affiliated with or sponsored by the plaintiff.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. The damages suffered by the plaintiff are irreparable and will continue unless the defendants are restrained by this court from the commission of the above described acts.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies the same.

22. Plaintiff is without an adequate remedy at law, in that the continuing nature of the infringement and unfair competition will necessitate a multiplicity of suits to repair the injuries plaintiff will sustain unless the injunction sought in its complaint is granted.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies the same.

23. On August 24, 2007, the plaintiff wrote to the defendant informing them of the plaintiff's rights. However, the defendant continued to infringe on the plaintiff's trademark thereafter, proving the intentionally wrongful conduct of the defendant.

**ANSWER**: Defendant admits that Plaintiff wrote to Defendant to assert its claim, but denies that Defendant has continued to engage in the allegedly infringing conduct or that Plaintiff owns an enforceable trademark in "StayFlats." Defendant denies the remaining allegations of Paragraph 23. Defendant avers that it has ceased use of "Stay Flats" in response to Plaintiff's objection.

23. A copy of the letter of August 24, 2007, is attached as Exhibit C.

**ANSWER**: Defendant admits that a copy of Plaintiff's letter of August 24, 2007, is attached as exhibit C.

24. Plaintiff demands trial by jury.

**ANSWER**: This Paragraph is not an allegation and no response is required.

### AFFIRMATIVE DEFENSES

1. Plaintiff's alleged mark is widely used in the packaging industry as a common descriptive or generic term for mailers that stay flat; and therefore is not entitled to protection as a trademark.

2. Plaintiff's alleged mark merely describes the characteristics of stay flat mailers and lacks distinctiveness or secondary meaning as an indication of source; and therefore is not entitled to protection as a trademark.

3. Defendant used "Stay Flats" as a merely descriptive term to fairly describe mailers that stay flat, and not as a trademark; and therefore Defendant's use of "Stay Flats" constitutes fair use.

4.  Defendant has been a customer of Plaintiff and other manufactures of packaging materials for many years and openly used "Stay Flats" to describe mailers from various manufacturers that stay flat for many years. On information and belief, Plaintiff had knowledge of such use but did not object for many years; and therefore Plaintiff's claims are barred by the doctrine of laches, acquiescence or waiver.

5.  Plaintiff has failed to state a claim upon which relief can be granted.

## COUNTERCLAIM

1.  Defendant realleges the factual allegations of Paragraphs 1 through 4 of the Complaint and Answer as fully set forth here.

2.  The alleged mark "StayFlats" is commonly used in the packaging material industry as a common descriptive or generic term for mailers that stay flat.

3.  Plaintiff has commonly used the alleged mark "StayFlats" in its advertising materials as a common descriptive or generic term.

4.  As a generic term, "StayFlats" is not entitled to federal registration as a trademark with the United States Patent and Trademark Office.

5.  The alleged mark "StayFlats" is a merely descriptive term for mailers that stay flat and lacks distinctiveness or secondary meaning as an indication of source.

6.  As a descriptive non-distinctive term, "StayFlats" is not entitled to federal registration as a trademark on the principal register of the United States Patent and Trademark Office.

7.  Defendant is entitled to use "StayFlats" as a common descriptive or merely descriptive phrase for mailers that stay flat, and therefore believes that it has been and will be

damaged by the registration of "StayFlats" by Plaintiff on the principal register of the United States Patent and Trademark Office.

**WHEREFORE,** Defendant requests that this Court

1. Grant judgment in Defendant's favor on all claims asserted by Plaintiff.

2. Order that Registration No. 3,236,171 be cancelled in accordance with 15 U.S.C. §§ 1052 (e) and (f); 1064; and 1119;

3. Award Defendant its reasonable costs and fees, including all attorney's fees incurred in the action in accordance with 15 U.S.C. § 1117; and

4. Grant such other relief as this Court deems just.

Dated: February 27, 2008

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

By: /s/ M. Partridge

Mark V. B. Partridge (6181230)
311 South Wacker Drive
Suite 5000
Chicago, Illinois 60606
(312) 554-8000
(312) 554-8015 (facsimile)
Attorneys for Defendant Box Packaging, Inc.