02127-25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CALUMET CARTON COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6389 |
| | ) | |
| B O X PACKAGING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, CALUMET CARTON COMPANY, by its attorneys, LAWRENCE A. STEIN of

HUCK BOUMA, PC, complains of defendant, B O X PACKAGING, INC., for trademark

infringement, as follows:

1.      Plaintiff is an Delaware corporation, authorized to conduct business in Illinois, with

its principal place of business in South Holland, Illinois.

2.      Defendant is an Illinois corporation with its principal place of business in Elgin,

Illinois.

3.      This action arises under the Trademark Act of 1946 (15 U.S.C. §§ 1051 *et seq.*) and

the common law.

4.      This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C.

§ 1116(a).

5.      Since approximately defendant has been continuously engaged, and is still engaged,

in the business of selling packaging products under the trademark "StayFlats."

6.      Plaintiff manufactures and sells packaging supplies throughout the United States.

7.      Plaintiff is the owner of statutory and common law rights to the trademark "StayFlats," which has been registered in the United States Patent and Trademark Office under registration number 3,236,171.

8.      An accurate copy of the registration certificate is attached as exhibit A.

9.      The registration is in full force and effect, neither revoked nor canceled.

10.     The trademark of plaintiff for "StayFlats" has been used continuously by the plaintiff since approximately 1986 in intrastate and interstate commerce.

11.     Plaintiff has never abandoned any of its rights to the use of such trademark but, on the contrary, had diligently protected such rights.

12.     Plaintiff has expended substantial resources in advertising its trademark "StayFlats" as identifying its unique packaging product.

13.     As a result of the extensive advertising of plaintiff, and of the efforts expended and expenses incurred by the plaintiff, in improving its packaging increasing its sales throughout the United States, plaintiff, has built up a highly valuable reputation and good will and the public generally has come to recognize and know the trademark "StayFlats" as being identified with the plaintiff and its business.

14.     Commencing in or around 2005, and continuing thereafter, defendant has marked a product not manufactured by the plaintiff as "StayFlats" that infringes on the plaintiffs statutory and common law trademark rights.

15.     An accurate copy of an example of the defendant's infringement of the plaintiff's trademark for "StayFlats," retrieved from the defendant's website on November 9, 2007, just before filing this complaint is attached as exhibit B.

2

16.    The defendant's infringement of the plaintiff's trademark for "StayFlats," was in order to appropriate, and defendant has appropriated, the good will and reputation that plaintiff has acquired for its "StayFlats" product and it has conveyed the false impression that the products of the defendant was manufactured by, or affiliated with, plaintiff.

17.    The action of the defendants has been undertaken with the full knowledge of the rights of the plaintiff without any commercial necessity therefor, and with a fraudulent and unfair intent and purpose.

18.    The marketing by the defendant of its products as "StayFlats" constitutes an infringement of the plaintiff's statutory and common law rights in the trademark and an unfair trading on the good will and reputation of the plaintiff by use of the trademark.

19.    Plaintiff has been damaged by the defendant's acts, which have caused injury to the reputation of "StayFlats."

20.    Plaintiff has also lost profits as a result of the defendant's acts in that members of the public have purchased the packaging products and supplies of the defendant in the belief that it was manufactured by plaintiff or that it was sponsored by plaintiff or that the defendant was affiliated with or sponsored by the plaintiff.

21.    The damages suffered by plaintiff are irreparable and will continue unless the defendants are restrained by this court from the commission of the above described acts.

22.    Plaintiff is without an adequate remedy at law, in that the continuing nature of the infringement and unfair competition will necessitate a multiplicity of suits to repair the injuries plaintiff will sustain unless the injunction sought in its complaint is granted.

23.    On August 24, 2007, the plaintiff wrote to the defendant informing them of the

3

plaintiff's rights.  However, the defendant continued to infringe on the plaintiff's statutory and common law rights in the trademark thereafter, proving the intentionally wrongful conduct of the defendant.

23.    A copy of the letter of August 24, 2007 is attached as exhibit C.

24.    Plaintiff demands trial by jury.

WHEREFORE, plaintiff, CALUMET CARTON COMPANY, demand preliminary and permanent injunctive relief against defendant, B O X PACKAGING, INC., prohibiting the continued violation of the trademark, requiring an accounting for damages, assessing damages in the amount of three times of the damages sustained, the reasonable and necessary attorney's fees incurred in preparing presenting and enforcing this action, and all other relief deemed appropriate under the circumstances.

Respectfully submitted,

HUCK BOUMA PC

/s/      Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA PC**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone (630) 221-1755
Facsimile (630) 221-1756

4

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 3,236,171

Registered May 1, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# STAYFLATS

CALUMET CARTON CO. (DELAWARE COR-
PORATION)

16920 STATE STREET

SOUTH HOLLAND, IL 60473

FOR: RIGID ENVELOPES AND RIGID PAPER-
BOARD MAILING POUCHES, IN CLASS 16 (U.S.
CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 4-9-1985; IN COMMERCE 4-9-1985.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 1,570,925.

SEC. 2(F).

SER. NO. 78-738,869, FILED 10-24-2005.

JENNIFER VASQUEZ, EXAMINING ATTORNEY

EXHIBIT A



# B O X Packaging, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| **Home** | **Products** | **Place Order** | **Open Orders** | **Invoices** | **Freight Estimator** | **Price Lists** | **Custom Quotes** |
| **Shopping Cart Websites** | **Web Products Link** | **E-Mail Blast Program** | **Catalogs** | **Product Flyers** | **Manage Users** | **My Account** | **Contact Us** |

Products > Mailing Bags & Envelopes > Stay Flats Mailers

**Distributor Login**

User ID

Password

LOGIN

**Featured Vendors**

CENTRAL
AUTHORIZED WHOLESALER

Georgia Pacific
Authorized Wholesaler

Sealed Air
Authorized Wholesaler

Better Pack®
Authorized Wholesaler

3M Authorized Wholesaler

REVNOLON
AUTHORIZED WHOLESALER

MARSH
Authorized Wholesaler

AUTHORIZED
INTERNATIONAL PAPER
WHOLESALER

GOODWRAPPERS.
AUTHORIZED WHOLESALER


Kraft Stay Flats Mailers


Kraft Stay Flats Mailers - Self Seal


White Stay Flats Mailers


White Stay Flats Mailers - Self Seal


Gusseted White Stay Flats Mailers


Side Loading White Stay Flats Mailers

EXHIBIT B

Copyright © 2007 B O X Packaging, Inc.



P.O. BOX 405
16920 STATE STREET
SOUTH HOLLAND, IL 60473
TEL: 708-333-6521
FAX: 888-333-8540

**FOLDING CARTONS AND STAYFLATS® MAILERS
DIGITAL, KRAFT AND MICRO-CORR™ PACKAGING**

August 24, 2007

David Burbrink
B O X Packaging
2650 Galvin Drive
Elgin, IL 60123

Dear Dave,

I am sending this letter to you as a follow up to our conversation. We discussed the matter of Calumet Carton Company's trademarks, STAYFLATS® and STAYFLATS PLUS® Mailers, and the use of them on your company's website. I do not wish there to be any confusion that we at Calumet Carton consider this a very important matter to us, as it should be to you.

As a current customer, you are aware of the fact that Calumet Carton has been selling its STAYFLATS® brand of mailers nationwide for the past several decades. When people see the STAYFLATS® brand, they have an expectation that Calumet Carton will stand behind its product. We are proud of the reputation that we enjoy in the market as a manufacturer of quality mailing supplies, and in particular of the excellent reputation that we have developed for the STAYFLATS® brand mailer.

When we sell a STAYFLATS® mailer to a customer that resells the product, the retailer should be able to expect that they have a right to use our mark in their advertising. Of course, that right is not without limit. For example, the mark may only be used in connection with genuine STAYFLATS® mailers. Nor would we expect a retailer to use our mark in their promotions on a website or search engine listings to offer something other than genuine STAYFLATS® mailers.

In reviewing your website recently (copies of web pages enclosed), we noticed your use of the "Stayflats Mailers" mark, as well as the phrases "Stayflat mailers" or "Stay flat mailers" throughout the site. These uses would be permissible if they were used to sell genuine STAYFLATS® brand mailers. However, as we discussed, most of these items currently being bought from a different manufacturer and not Calumet Carton.

EXHIBIT C



P.O. BOX 405
16920 STATE STREET
SOUTH HOLLAND, IL 60473
TEL: 708-333-6521
FAX: 888-333-8540

**FOLDING CARTONS AND STAYFLATS® MAILERS
DIGITAL, KRAFT AND MICRO-CORR™ PACKAGING**

We find the use of the STAYFLATS® mark with a product that is not a genuine STAYFLATS® brand mailer to be very disappointing.  Of course, if you were to sell only genuine STAYFLATS® brand mailers to your customers, there would be no problem.

We are respectfully requesting that all of BOX Packaging's promotional material, catalog, website and all other products use our trademarks only when referencing the products you actually purchase from us.  Other products from a different manufacturer should not use Calumet Carton's intellectual property in any manner

I would appreciate a call back within the next 7 days to confirm receipt of our request and discuss plans to address our concerns.

Sincerely,

Doug Grever
Sales Manager

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this eighth day of April, 2008:

1.      I filed this *First Amended Complaint* by filing it with the clerk of the court by electronic means.

2.      I served this *First Amended Complaint* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3.      I made the electronic filing on April 7, 2008.


                                        /s/   Lawrence A. Stein

                                        _____


R:\2000s\2100-2199\2127-25\Pleadings\First amended complaint.wpd

5