FILED
APRIL 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

02127-25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALUMET CARTON COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| B O X PACKAGING, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, CALUMET CARTON COMPANY, by its attorneys, LAWRENCE A. STEIN of HUCK BOUMA, PC, complains of defendant, B O X PACKAGING, INC., for trademark infringement, as follows:

1. Plaintiff is an Delaware corporation, authorized to conduct business in Illinois, with its principal place of business in South Holland, Illinois.

2. Defendant is an Illinois corporation with its principal place of business in Elgin, Illinois.

3. This action arises under the Trademark Act of 1946 (15 U.S.C. §§ 1051 *et seq.*) and the common law.

4. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1116(a).

5. Since approximately defendant has been continuously engaged, and is still engaged, in the business of selling packaging products under the trademark "StayFlats."

6. Plaintiff manufactures and sells packaging supplies throughout the United States.

7. Plaintiff is the owner of statutory and common law rights to the trademark "StayFlats," which has been registered in the United States Patent and Trademark Office under registration number 3,236,171.

8. An accurate copy of the registration certificate is attached as exhibit A.

9. The registration is in full force and effect, neither revoked nor canceled.

10. The trademark of plaintiff for "StayFlats" has been used continuously by the plaintiff since approximately 1986 in intrastate and interstate commerce.

11. Plaintiff has never abandoned any of its rights to the use of such trademark but, on the contrary, had diligently protected such rights.

12. Plaintiff has expended substantial resources in advertising its trademark "StayFlats" as identifying its unique packaging product.

13. As a result of the extensive advertising of plaintiff, and of the efforts expended and expenses incurred by the plaintiff, in improving its packaging increasing its sales throughout the United States, plaintiff, has built up a highly valuable reputation and good will and the public generally has come to recognize and know the trademark "StayFlats" as being identified with the plaintiff and its business.

14. Commencing in or around 2005, and continuing thereafter, defendant has marked a product not manufactured by the plaintiff as "StayFlats" that infringes on the plaintiffs statutory and common law trademark rights.

15. An accurate copy of an example of the defendant's infringement of the plaintiff's trademark for "StayFlats," retrieved from the defendant's website on November 9, 2007, just before filing this complaint is attached as exhibit B.

16. The defendant's infringement of the plaintiff's trademark for "StayFlats," was in order to appropriate, and defendant has appropriated, the good will and reputation that plaintiff has acquired for its "StayFlats" product and it has conveyed the false impression that the products of the defendant was manufactured by, or affiliated with, plaintiff.

17. The action of the defendants has been undertaken with the full knowledge of the rights of the plaintiff without any commercial necessity therefor, and with a fraudulent and unfair intent and purpose.

18. The marketing by the defendant of its products as "StayFlats" constitutes an infringement of the plaintiff's statutory and common law rights in the trademark and an unfair trading on the good will and reputation of the plaintiff by use of the trademark.

19. Plaintiff has been damaged by the defendant's acts, which have caused injury to the reputation of "StayFlats."

20. Plaintiff has also lost profits as a result of the defendant's acts in that members of the public have purchased the packaging products and supplies of the defendant in the belief that it was manufactured by plaintiff or that it was sponsored by plaintiff or that the defendant was affiliated with or sponsored by the plaintiff.

21. The damages suffered by plaintiff are irreparable and will continue unless the defendants are restrained by this court from the commission of the above described acts.

22. Plaintiff is without an adequate remedy at law, in that the continuing nature of the infringement and unfair competition will necessitate a multiplicity of suits to repair the injuries plaintiff will sustain unless the injunction sought in its complaint is granted.

23. On August 24, 2007, the plaintiff wrote to the defendant informing them of the

plaintiff's rights. However, the defendant continued to infringe on the plaintiff's statutory and common law rights in the trademark thereafter, proving the intentionally wrongful conduct of the defendant.

23. A copy of the letter of August 24, 2007 is attached as exhibit C.

24. Plaintiff demands trial by jury.

WHEREFORE, plaintiff, CALUMET CARTON COMPANY, demand preliminary and permanent injunctive relief against defendant, BOX PACKAGING, INC., prohibiting the continued violation of the trademark, requiring an accounting for damages, assessing damages in the amount of three times of the damages sustained, the reasonable and necessary attorney's fees incurred in preparing presenting and enforcing this action, and all other relief deemed appropriate under the circumstances.

 Respectfully submitted,

 HUCK BOUMA PC

  /s/ Lawrence A. Stein

 Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA PC**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone (630) 221-1755
Facsimile (630) 221-1756

R:\2000s\2100-2199\2127-25\Pleadings\Amended complaint.wpd

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this twenty-fourth day of March, 2008:

1.  I filed this *Motion for Leave to File* by filing it with the clerk of the court by electronic means.

2.  I served this *Motion for Leave to File* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3.  I made the electronic filing on March 24, 2008.

_____

R:\2000s\2100-2199\2127-25\Pleadings\Motion for Leave to File.wpd