UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALUMET CARTON COMPANY,       ) | |
| ) | Civil Action No. 07 C 6389 |
| Plaintiff,       ) | |
| ) | Hon. James F. Holderman |
| v.       ) | |
| ) | Magistrate Judge Morton Denlow |
| BOX PACKAGING, INC.,       ) | |
| ) | |
| Defendant.       ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant, Box Packaging, Inc. ("Box Packaging"), by and through its attorneys, for its Answer to the Amended Complaint filed by Plaintiff, Calumet Carton Company, states as follows:

1. Plaintiff is an [sic] Delaware corporation, authorized to conduct business in Illinois, with its principal place of business in South Holland, Illinois.

**ANSWER**:   Box Packaging admits the allegations of Paragraph 1.

2. Defendant is an Illinois corporation with its principal place of business in Elgin, Illinois.

**ANSWER**:   Box Packaging admits the allegations of Paragraph 2.

3. This is an action under the Trademark Act of 1946, (15 U.S.C. §§ 1051 *et seq.*) and the common law.

**ANSWER**:   Box Packaging admits this is an action brought under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and that Calumet Carton seeks unspecified relief under the

"common law," but denies that Calumet Carton has stated a claim under federal or common law and denies that Calumet Carton is entitled to any relief.

4. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1116(a).

**ANSWER**: Box Packaging admits the allegations of Paragraph 4.

5. Since approximately defendant [sic] has been continuously engaged, and is still engaged, in the business of selling packaging products under the trademark "StayFlats."

**ANSWER**: The allegations are unintelligible as drafted and therefore, Box Packaging denies same.

6. Plaintiff manufactures and sells packaging supplies throughout the United States.

**ANSWER**: Box Packaging admits that Calumet Carton sells packaging supplies. Box Packaging is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore denies same.

7. Plaintiff is the owner of statutory and common law rights to the trademark "StayFlats," which has been registered in the United States Patent and Trademark Office under registration number 3,236,171.

**ANSWER**: Box Packaging admits that Calumet Carton is the purported owner of Registration No. 3,236,171, but denies that Calumet Carton owns enforceable statutory or common law rights in the generic and descriptive phrase "Stay Flats".

8. An accurate copy of the registration certificate is attached as exhibit A.

**ANSWER**: Although the Amended Complaint does not include exhibits, Box Packaging assumes that Paragraph 8 refers to exhibit A attached to the original Complaint. Based on that assumption, Box Packaging admits that a document purporting to be Registration No. 3,236,171 is attached as exhibit A to the original Complaint.

9. The registration is in full force and effect, neither revoked nor canceled.

**ANSWER**: Box Packaging admits that the registration exists on the principal register of the United States Patent and Trademark Office, but denies that registration is valid or enforceable.

10. The trademark of plaintiff for "StayFlats" has been used continuously by the plaintiff since approximately 1986 in intrastate and interstate commerce.

**ANSWER**: Box Packaging denies that "Stay Flats" is an enforceable trademark and admits that Calumet Carton has used "StayFlats" commercially. Box Packaging is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies same.

11. Plaintiff has never abandoned any of its rights to the use of such trademark but, on the contrary, had diligently protected such rights.

**ANSWER**: Box Packaging denies that "StayFlats" is an enforceable trademark. Box Packaging is without knowledge or information sufficient to form a belief as to the truth the allegations of Paragraph 11 and therefore denies same.

12. Plaintiff has expended substantial resources in advertising its trademark "StayFlats" as identifying its unique packaging product.

**ANSWER**: Box Packaging denies that "Stay Flats" is an enforceable trademark. Box Packaging is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies same.

13. As a result of the extensive advertising of plaintiff, and of the efforts expended and expenses incurred by the plaintiff, in improving its packaging increasing [sic] its sales throughout the United States, plaintiff, has built up a highly valuable reputation and good will and the public generally has come to recognize and know the trademark "StayFlats" as being identified with the plaintiff and its business.

**ANSWER**: Box Packaging denies that the public generally has come to recognize and know "StayFlats" as identified with Calumet Carton and its business, and denies that "Stay Flats" is an enforceable trademark. Box Packaging is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore denies same.

14. Commencing in or around 2005, and continuing thereafter, defendant has marked a product not manufactured by the plaintiff as "StayFlats" that infringes on the plaintiffs [sic] statutory and common law trademark rights.

**ANSWER**: Box Packaging admits that since about 2005, it has used the phrase "Stay Flats" in its ordinary descriptive sense to identify stay flat mailers that were not manufactured by Calumet Carton. Box Packaging denies the remaining allegations of Paragraph 14.

15. An accurate copy of an example of the defendant's infringement of the Calumet plaintiff's Trademark for "StayFlats," retrieved from the defendant's website on November 9, 2007, just before filing this complaint is attached as exhibit B.

**ANSWER**: Although the Amended Complaint does not include exhibits, Box Packaging assumes that Paragraph 15 refers to exhibit B attached to the original Complaint. Based on this assumption, Box Packaging admits that exhibit B to the original Complaint is an example of materials previously available on Box Packaging's website. Box Packaging denies "Stay Flats" is an enforceable trademark and denies that use of the merely descriptive phrase "Stay Flats" is an infringement. Box Packaging is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies same.

16.     The defendant's infringement of the plaintiff's trademark for "StayFlats," was in order to appropriate, and defendant has appropriated, the good will and reputation that plaintiff has acquired for its "StayFlats" product and it has conveyed the false impression that the products of the defendant was manufactured by, or affiliated with, plaintiff.

**ANSWER**: Box Packaging denies the allegations of Paragraph 16.

17.     The action of the defendant has been undertaken with the full knowledge of the rights of the plaintiff without any commercial necessity therefor, [sic] and with a fraudulent and unfair intent and purpose.

**ANSWER**: Box Packaging denies the allegations of Paragraph 17.

18.     The marketing by the defendant of its product as "StayFlats" constitutes an infringement of the plaintiff's statutory and common law rights in the trademark and an unfair trading on the good will and reputation of the plaintiff by use of its trademark.

**ANSWER**: Box Packaging denies the allegations of Paragraph 18.

19.     Plaintiff has been damaged by the defendant's acts, which have caused injury to the reputation of "StayFlats."

**ANSWER**: Box Packaging denies the allegations of Paragraph 19.

20. Plaintiff has also lost profits as a result of the Box Packaging's acts in that members of the public have purchased the packaging products and supplies of the defendant in the belief that it was manufactured by plaintiff or that it was sponsored by plaintiff or that the defendant was affiliated with or sponsored by the plaintiff.

**ANSWER**: Box Packaging denies the allegations of Paragraph 20.

21. The damages suffered by the plaintiff are irreparable and will continue unless the defendants [sic] are restrained by this court from the commission of the above described acts.

**ANSWER**: Box Packaging denies the allegations of Paragraph 21.

22. Plaintiff is without an adequate remedy at law, in that the continuing nature of the infringement and unfair competition will necessitate a multiplicity of suits to repair the injuries plaintiff will sustain unless the injunction sought in its complaint is granted.

**ANSWER**: Box Packaging denies the allegations of Paragraph 22.

23. On August 24, 2007, the plaintiff wrote to the defendant informing them of the plaintiff's rights. However, the defendant continued to infringe on the plaintiff's statutory and common law rights in the trademark thereafter, proving the intentionally wrongful conduct of the defendant.

**ANSWER**: Box Packaging admits that Calumet Carton wrote to Box Packaging as alleged, but denies the remaining allegation of Paragraph 23.

23. A copy of the letter of August 24, 2007, is attached as Exhibit C.

**ANSWER**: Although the Amended Complaint does not include exhibits, Box Packaging assumes that Paragraph 23 refers to exhibit C attached to the original Complaint. Based on that assumption, Box Packaging admits that a copy of Calumet Carton's letter of August 24, 2007, is attached as exhibit C to the original Complaint.

-6-

24.　Calumet Carton demands trial by jury.

**ANSWER**:  This Paragraph is not an allegation and no response is required.

## **AFFIRMATIVE DEFENSES**

1.　Calumet Carton 's alleged mark is widely used in the packaging industry as a common descriptive or generic term for mailers that stay flat; and therefore is not entitled to protection as a trademark.

2.　Calumet Carton 's alleged mark merely describes the characteristics of stay flat mailers and lacks distinctiveness or secondary meaning as an indication of source; and therefore is not entitled to protection as a trademark.

3.　Box Packaging used "Stay Flats" as a merely descriptive term to fairly describe mailers that stay flat, and not as a trademark; and therefore Box Packaging's use of "Stay Flats" constitutes fair use.

4.　Box Packaging has been a customer of Calumet Carton and other manufactures of packaging materials for many years and openly used "Stay Flats" to describe mailers from various manufacturers that stay flat for many years.  On information and belief, Calumet Carton had knowledge of such use but did not object for many years; and therefore Calumet Carton's claims are barred by the doctrine of laches, acquiescence or waiver.

5.　Calumet Carton has failed to state a claim upon which relief can be granted.

-8-

Dated:  April 22, 2008

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

By:   /s/  David Beeman
Mark V. B. Partridge (6181230)
Alexis E. Payne (6270412)
David Beeman (6292368)
311 South Wacker Drive
Suite 5000
Chicago, Illinois  60606
(312) 554-8000
(312) 554-8015 (facsimile)
Attorneys for Box Packaging Box Packaging, Inc.