02127-25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALUMET CARTON COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6389 |
| | ) | |
| B O X PACKAGING, INC. | ) | District Judge James F. Holderman |
| | ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff, CALUMET CARTON COMPANY, by its attorneys, LAWRENCE A. STEIN of HUCK BOUMA, PC, moves pursuant to the inherent authority of the court to enforce the agreement of the parties to settle the dispute that gave rise to this action. In support of its motion, plaintiff states as follows:

1.  Plaintiff, a manufacturer of paper and cardboard mailing products, filed this action to enforce its statutory and common law rights to its registered trademark "Stay Flats," a set of product paper and cardboard products designed to serve as envelopes for mailing documents and other materials. The plaintiff alleged in its complaint that the defendant was infringing on those rights by promoting for sale on its website competing products made by another manufacturer but nonetheless identified with the plaintiff's mark.

2.  Promptly after the summons and complaint were served on the defendant, the defendant stopped marketing the competing products with reference to the plaintiff's mark, arguably conceding the validity of the plaintiff's mark and the defendant's prior infringement of the plaintiff's rights in the mark.

3. Thereafter, the defendant filed an answer and affirmative defenses admitting that the plaintiff is the owner of the registered mark, but asserting that the plaintiff's rights in the registration had lapsed for various alleged reasons.

4. On May 27, 2008, the principals of the parties, and their counsel, met at the defendant's counsel's office in an attempt to settle this dispute. The president and sales manager of the plaintiff attended with their counsel, and three employees or officers of the defendant were present with two attorneys. The meeting lasted from about 10 am to about 1 pm, when the parties reached a full and complete settlement of the dispute.

5. The terms of the settlement were memorialized that same day in a memorandum by the plaintiff's counsel to the file, reflecting the following terms of the settlement:

    a. The defendant would purchase its total requirements of Stay Flats materials from the plaintiff for the ensuing three years, and purchase no competing generic or other manufacturers goods, other than existing inventory.

    b. The defendant would promise to purchase no less than $250,000 worth of Stay Flat products during each of those successive three years under the prices as the plaintiff last quoted the defendant before the litigation.

    c. The payment terms would be that the net amount of each shipment would be due within thirty days of the date of the invoice.

    d. In lieu of proceeding with a claim for damages against the defendant, a consent decree would be proposed for entry by the court acknowledging the continued validity of the plaintiff's mark and permanently enjoining the defendant from infringing on the plaintiff's mark in the future.

e.  The defendant's counterclaim and petition to the United States Patent and Trademark Office, seeking to invalidate the trademark would both be dismissed with prejudice.

f.  The defendant would agree not in the future seek to contest the plaintiff's trademark based on facts occurring prior to the date of the agreement.

g.  Price increases and decreases on the product over the three years would be proportionate to the yellow sheet index in Paper and Pulp Weekly.

h.  The plaintiff would take no action against defendant's customers who purchased allegedly infringing materials through the date of the agreement, or thereafter from the defendant's inventory.

6.  On July 23, 2008, the plaintiff's counsel submitted to the defendant's counsel a proposed settlement agreement and consent decree, consistent with the settlement agreement reached on May 27, 2008, and memorialized in the memorandum to the file. The defendant's counsel acknowledges receipt of the proposed settlement agreement.

7.  Notwithstanding the acknowledged receipt of the draft settlement agreement, and proposed consent decree, the defendant has failed and refused to complete the settlement by executing the draft settlement agreement. Moreover, an officer of the defendant suggested to an officer of the plaintiff in a recent telephone conversation that the defendant was no longer willing to voluntarily execute the settlement agreement even though it was drafted consistently with the actual settlement of the parties, and the defendant would take punitive action against the plaintiff if the plaintiff forced the defendant to execute the settlement agreement.

8.  Consequently, the plaintiff requests that the court enforce the settlement of the parties

by rendering judgment in favor of the plaintiff and against the defendant, imposing all the terms and conditions of the settlement on the defendant, or by rendering judgment for the plaintiff, and against the defendant, in an amount sufficient to provide the plaintiff the benefit of its bargain, entering judgment in favor of the plaintiff on the defendant's defenses and counterclaim, and permanently enjoining the defendant from infringing on the plaintiff's rights in the mark, and by granting the plaintiff all relief deemed appropriate under the circumstances.

WHEREFORE, plaintiff, CALUMET CARTON COMPANY, requests an order enforcing the settlement of the parties by rendering judgment in favor of the plaintiff and against the defendant, imposing all the terms and conditions of the settlement on the defendant, or by rendering judgment for the plaintiff, and against the defendant, in an amount sufficient to provide the plaintiff the benefit of its bargain, entering judgment in favor of the plaintiff on the defendant's defenses and counterclaim, and permanently enjoining the defendant from infringing on the plaintiff's rights in the mark, and by granting the plaintiff all relief deemed appropriate under the circumstances..

Respectfully submitted,

HUCK BOUMA PC

/s/   Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA PC**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone (630) 221-1755
Facsimile (630) 221-1756

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this sixteenth day of September, 2008:

1. I filed this *Motion to Enforce Settlement* by filing it with the clerk of the court by electronic means.

2. I served this *Motion to Enforce Settlement Agreement* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3. I made the electronic filing on September 16, 2008 before 4:30 pm.

/s/ Lawrence A. Stein

_____

R:\2000s\2100-2199\2127-25\Pleadings\Motion to Enforce Settlement Agreement.wpd